UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
BIOMEDINO, LLC,                    )
                                   )
                Plaintiff,       )   Case No. C05-0042L
                                   )
    v.                             )
                                   )   ORDER DENYING DEFENDANT'S
WATERS CORPORATION, *et al.*,      )   MOTION FOR SANCTIONS
                                   )
                Defendants.      )
_____)

        This matter comes before the Court on "Defendant Waters Corporation's Motion for Sanctions Pursuant to Rule 11 of the Federal Rules of Civil Procedure." Dkt. # 38.[1] Rule 11 requires an attorney to perform a reasonable inquiry to ensure that all pleadings, motions, or other papers filed with the Court (1) are not presented for an improper purpose, such as to harass or to cause unnecessary delay, (2) contain claims that are warranted by existing law or by a non-frivolous argument for the extension of existing law, and (3) contain factual contentions that have evidentiary support or are likely to have evidentiary support after a reasonable opportunity for discovery. Representations to the Court that do not satisfy these requirements are sanctionable.

        In the Ninth Circuit, a complaint violates Rule 11 if it is "*both* baseless *and* made

---

[1] This matter can be decided on the memoranda, declarations, and exhibits submitted by the parties. Defendant's request for oral argument is denied.

ORDER DENYING DEFENDANT'S
MOTION FOR SANCTIONS

without a reasonable and competent inquiry." Moore v. Keegan Mgmt. Co., 78 F.3d 430, 434 (9th Cir. 1996) (quoting Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1362 (9th Cir. 1990)) (emphasis added in Moore). Although some circuits consider only the sufficiency of the pre-filing investigation, the two-part analysis has been applied by the Federal Circuit when evaluating complaints arising in the Ninth Circuit. See View Eng'g, Inc. v. Robotic Vision Sys., 208 F.3d 981, 985 n.4 (Fed. Cir. 2000). In its motion, defendant Waters Corporation argues that plaintiff's inability or unwillingness to explain the factual basis for its infringement claims at a conference in March 2005 shows that plaintiff and its counsel failed to conduct a reasonable pre-filing investigation in this case.[2] Plaintiff, however, has presented evidence showing that, prior to filing the complaint, counsel analyzed the patent at issue (including the specification and prosecution history), reviewed the client's analysis of Claims 13 and 40, and compared the claims to defendant's products. In patent cases, such a "good faith, informed comparison of the claims of a patent against the accused subject matter" constitutes a reasonable investigation. Q-Pharma, Inc. v. Andrew Jergens Co., 360 F.3d 1295, 1300 (Fed. Cir. 2004).

Without providing any evidence that contradicts plaintiff's account of its pre-filing activities, defendant argues that plaintiff's investigation could not have satisfied Rule 11's requirements because it did not result in a proper construction of the patent claims at issue. Reply at 1 and 6 (Dkt. # 60). Arguments regarding the "true meaning" of the claims (Reply at 6 (Dkt. # 60)) go to the actual merits of plaintiff's claims, rather than the sufficiency of plaintiff's pre-filing investigation. Defendant has not sought a judicial interpretation of Claims 13 and 40, instead relying on its expert's construction of the contested terms to support its argument that plaintiff's infringement claims are baseless. As noted by the Ninth Circuit in Q-Pharma, "[c]laim interpretation is not always an exact science, and it is not unusual for parties to offer

---

[2] Assuming the March 2005 conference between the parties and the correspondence related thereto constitute settlement discussions, defendant may use evidence obtained during those discussions in support of its Rule 11 motion.

ORDER DENYING DEFENDANT'S
MOTION FOR SANCTIONS                    -2-

competing definitions of event the simplest claim language." 360 F.3d at 1301. The fact that defendant and its expert disagree with plaintiff's proposed interpretation of the phrases "binding a species substantially specifically" and "molecule bound substantially specifically" does not establish that plaintiff's claims are frivolous or legally unreasonable. Rule 11, which is designed to curb improvident filings and sanction those who do not take their filing obligations seriously, should not be used "to test the legal sufficiency or efficacy of the allegations in the pleadings: other motions are available for those purposes." Fed. R. Civ. P. 11 advisory committee's note regarding 1993 Amendments. Having eschewed a Rule 12(b)(6) or other dispositive motion that would have placed the merits of plaintiff's infringement claims squarely at issue, the Court finds that defendant has not shown that plaintiff's claims are both baseless and made without proper inquiry.

For all of the foregoing reasons, defendant Waters Corporation's motion for Rule 11 sanctions is DENIED without prejudice.

DATED this 9th day of September, 2005.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING DEFENDANT'S
MOTION FOR SANCTIONS                    -3-