UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BIOMEDINO, L.L.C.,

    Plaintiff,

    v.

WATERS TECHNOLOGIES CORPORATION, GENERAL ELECTRIC COMPANY d/b/a GE HEALTHCARE, AGILENT TECHNOLOGIES, INCORPORATED,

    Defendants.

Case No. CV05-0042

ORDER DENYING MOTION TO EXCLUDE MARK HERMODSON

## I. INTRODUCTION

This matter comes before the Court on plaintiff's motion to exclude Professor Mark Hermodson. (Dkt. #68).

## II. DISCUSSION

Upon the suggestion and agreement of the parties in this complex patent case, Professor Ken Walsh, of the University of Washington, has been appointed to act as a technical advisor to aid this Court during the claim construction proceedings. Plaintiff suggests that a prior professional relationship between Professor Walsh and defense expert Professor Mark

ORDER DENYING MOTION TO
EXCLUDE MARK HERMODSON - 1

Hermodson, of Purdue University, introduces an unacceptable risk of bias into the proceedings. In response, defendants note that the prior relationship occurred over 30 years ago when Professor Walsh supervised Professor Hermodson's postdoctoral research for a period of three years. (Dkt. #70). Additionally, defendants note the difficulty both parties have encountered in finding suitable experts in this case given the age of the patent at issue.

Professor Walsh will, if his services are required at all, be acting only in the capacity of an advisor to this Court. This Court, and not Professor Walsh, will be interpreting the contested patent terms and evaluating the testimony of the opposing parties' experts for that purpose. It is therefore appropriate to analyze any potential conflict of interest in accordance with the principles governing judicial recusal for prior relationships with litigants or counsel. Just as in the scientific community, many judges and practitioners know one another through professional, educational, political and social contacts. It is not at all uncommon for a lawyer to argue a case before a judge with whom he or she has a prior professional relationship.

In determining whether judicial disqualification is required when there is a prior relationship between a lawyer and a judge, courts examine a variety of factors including the nature and extent of the relationship between the judge and the attorney, the broad spectrum of facts surrounding that relationship, the length of time since the relationship has been terminated, and the nature of any past or present additional business, personal, social or political associations. Anne M. Payne, Annotation, <u>Judge's Previous Legal Association with Attorney Connected to Current Case as Warranting Disqualification</u>, 85 A.L.R. 4th 700 (2004).

The scenario most analogous to the issue at hand is that of a former law clerk appearing as an attorney in a case before the judge for whom he or she clerked. It is common in the legal profession for former law clerks to practice before judges with whom they once worked. <u>In re Martinez-Catala</u>, 129 F.3d 213, 221 (1st Cir. 1997). Most courts have guidelines that prohibit former law clerks from appearing in that court for a year or more after the clerkship. In some jurisdictions, the rules are formalized, <u>see</u>, <u>e.g.</u>, Sup. Ct. R. 7 (two years); 1st Cir. R. 46 (one

ORDER DENYING MOTION TO
EXCLUDE MARK HERMODSON - 2

year). In other courts, such as the Western District of Washington, the rules are unwritten and left to the discretion of individual judges. This Court for example forbids former law clerks from appearing within one year of their clerkship. Federal courts generally deny motions that argue for recusal in cases where a former law clerk appears before a judge, providing the clerk did not previously work for the judge on that particular case. See, e.g., Patzner v. Burkett, 779 F.2d 1363, 1372 (8th Cir. 1985) (clerk appeared before judge nine months after completing clerkship); United States v. Hollister, 746 F.2d 420, 425-26 (8th Cir. 1984) (clerk appeared three months later); Cheeves v. Southern Clays, Inc., 726 F. Supp. 1579, 1581-82 (M.D. Ga. 1990) (clerk appeared three years later); Smith v. Pepsico, Inc., 434 F. Supp. 524, 525-26 (S.D. Fla. 1977) (clerk appeared two years later).

Although the analogy of a former law clerk arguing before his judge is instructive, it is not entirely accurate. In this case, plaintiff's challenge is not based on a relationship with the presiding judicial officer, but with an advisor who may or may not participate in the case and who will not, under any circumstances, have final decision-making authority regarding the issues at hand. In the event that Professor Walsh's assistance is required, this Court is quite capable of evaluating his contribution, as well that of the parties' experts, in an objective manner.

Finally, the prior relationship between the professors is even less concerning to this Court considering the fact that neither Professor Walsh nor Professor Hermodson is a party to this case. The professional relationship ended over 30 years ago, the relevant scientific community is so small that familiarity would be difficult to avoid, and there is no evidence that either expert has a personal stake in the outcome of the controversy between the litigants. Plaintiff's underlying concern that Professor Walsh will not be impartial is unsupported.

ORDER DENYING MOTION TO
EXCLUDE MARK HERMODSON - 3

### III.  CONCLUSION

For the foregoing reasons, the Court DENIES plaintiff's motion to exclude Professor Mark Hermodson.

DATED this 27th day of October, 2005.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION TO
EXCLUDE MARK HERMODSON - 4